UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY JAY HALL,

        Petitioner,

v.

        Case No. 06-cr-20343-01
        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING MOTION TO MODIFY SENTENCE**

On July 19, 2007, Petitioner Jeffrey Hall was sentenced to 8 months of imprisonment after pleading guilty to one count of distributing marijuana. ECF No. 41. On November 5, 2010, Hall was sentenced to 24 months imprisonment after admitting to violating the terms of his supervised release. ECF No. 81. The 24 month term of incarceration was ordered "to be served consecutive to the state court sentence of imprisonment imposed" in a separate case. *Id.* at 2. Now, Hall has filed a motion seeking modification of his federal sentence. ECF No. 92. Specifically, he indicates that he pleaded guilty to criminal sexual conduct of the first degree in state court. He was sentenced to a minimum term of 8 years and a maximum term of 20 years. In the present motion, Hall requests that the Court modify his federal sentence to run concurrently from the date when he will have served the mandatory minimum term for his state sentence. In so moving, Hall relies primarily upon 18 U.S.C. § 3582(c)(2).

18 U.S.C. § 3582(c) provides for modification of an imposed term of imprisonment. Under the section, the "court may *not* modify a term of imprisonment once it has been imposed" except in certain defined situations. *Id.* (emphasis added). In some situations where the Bureau of Prisons

requests a reduction, the Court may modify the term of imprisonment. *Id.* at (c)(1)(A). No such request has been made here. The Court may also modify a term of imprisonment as authorized by Federal Rule of Criminal Procedure 35. *Id.* at (c)(1)(B). That Rule is implicated when the original sentencing involved a clear error or when the Defendant provided substantial assistance to the Government and the Government seeks a reduction. Neither scenario is present here. Finally, the Court may reduce a sentence if the sentencing range has subsequently been lowered by the Sentencing Commission. *Id.* at (c)(2). Hall does not allege that the Sentencing Commission has amended the guidelines in a way that would have impacted his sentence for the supervised release violation.

The Supreme Court has recently confirmed that § 3582(c)(2) authorizes a sentence reduction *only* to the extent that the Sentencing Commission has issued amendments. *Dillon v. United States*, 560 U.S. 817, 831 (2010). *See also United States v. Dunn*, 631 F.3d 1291, 1293 (D.C. Cir. 2011) (relying on *Dillon* to hold that the concurrent or consecutive status of a sentence could not be modified pursuant to § 3582(c)(2)). Accordingly, the Court is not authorized to modify Hall's sentence pursuant to § 3582(c)(2).

Hall also briefly requests that the Court send him a "complete accounting" of his case file. Mot. Modify at 1, ECF No. 92. He cites the Uniform Commercial Code in referencing his "unpaid obligations," a "list of collateral," a statement of accounting, and "a final pay-off amount." The exact nature of the records which Hall seeks is unclear. The Court has independently confirmed that Hall has no existing Court-ordered monetary obligations. To the extent Hall is seeking information regarding any financial obligations he may have related to his incarceration, he should direct his inquiry to the Bureau of Prisons.

Accordingly, it is **ORDERED** that Petitioner Hall's motion for a sentence modification, ECF No. 92, is **DENIED.**

Dated: February 1, 2018                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2018.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager